877 F.2d 62
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry BOUT, Plaintiff-Appellant,
v.
PEOPLE of the STATE OF MICHIGAN, City of Grand Rapids, a
Municipal Corporation, Gerritt W. Roelofs, individually, and
in his representative capacity as a police officer for the
City of Grand Rapids, Sandra Arens, individually, and in her
representative capacity as a police officer for the City of
Grand Rapids, David H. Sawyer, individually, and in his
representative capacity as Kent County Prosecuting Attorney,
Varis Klavins, individually, and in his representative
capacity as Assistant Kent County Prosecuting Attorney, R.
Stuart Hoffius, individually, and in his representative
capacity as Kent County Circuit Judge, United States
Department of Justice Federal Bureau of Investigation, Gene
Ward, individually, and in his representative capacity as an
agent for the Federal Bureau of Investigation, Richard C.
Holst, individually, Defendants-Appellees.
 No. 89-1189.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1989.
 
 Before KENNEDY, RALPH B. GUY and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff, Harry Bout, appeals a judgment of the district court which dismissed his civil rights action. He now moves for the appointment of counsel. Upon review of the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the District Court for the Western District of Michigan. As the basis of his request for both monetary damages and injunctive relief, he alleged that he had been falsely convicted of first degree murder as a result of numerous unconstitutional acts by defendants, most of whom were officials in the Grand Rapids criminal justice system. The allegedly illegal acts included: 1) the securing of an arrest warrant unsupported by probable cause; 2) the forced entry into plaintiff's home; 3) the fabrication of evidence; 4) the coercion of witnesses into providing perjured testimony; and 5) the inducement of plaintiff to unwittingly incriminate himself. Defendants, however, moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6), based upon the argument that plaintiff's claims challenged the validity of his conviction and therefore could not give rise to a cause of action under 42 U.S.C. Sec. 1983 until he had successfully obtained habeas relief upon those same claims. A magistrate agreed with that argument and recommended the granting of defendants' motion. Upon receipt of plaintiff's objections, the district court adopted the magistrate's report and dismissed the complaint. Plaintiff then filed this appeal.
 
 
 3
 Based upon careful review of the record and plaintiff's brief, this court concludes that the district court did not err in dismissing the complaint. Accordingly, the motion for appointment of counsel is hereby denied and the district court's final judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.